IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| **Plaintiff** | : |
| v. | : **3:19-CV-1762** |
| | : **(JUDGE MARIANI)** |
| **STEVEN DARVELL** | : |
| **Defendant** | : |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is the United States' Motion for Default Judgment (Doc. 7). For the reasons set forth herein, the Court will grant the United States' motion.

On October 9, 2019, Plaintiff, the United States of America on behalf of its Agency, the Rural Housing Service, filed a Complaint seeking mortgage foreclosure on property located at 69 Pamela Dr., Drums, PA, 18222, of which Defendant Steven Darvell is the current record holder. (Doc. 1).

An Affidavit of Service filed of record demonstrates that service was effected on Defendant Darvell on November 13, 2019. (Doc. 5). However, no attorney has entered an appearance on behalf of the defendant nor has the defendant filed a pleading or performed any other action to otherwise defend the case. Thus, on December 5, 2019, Plaintiff filed a Request for Entry of Default, pursuant to Fed. R. Civ. P. 55(a), against Defendant Darvell (Doc. 6). The Clerk of Court entered default against the defendant on December 6, 2019.

(Doc. 10). Simultaneously with the filing of the Request for Entry of Default, the United States filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) (Doc. 7).

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default". Fed. R. Civ. P. 55(a). Upon the party's request, the clerk of court may then enter default judgment, but only if the claim is for a sum certain or one that can be made certain by computation, the defendant has made no appearance, and the defendant is not a minor or incompetent. *Id.* at 55(b)(1). In all other cases, the party seeking a default judgment must make an application to the court. *Id.* at 55(b)(2).

Although the entry of default judgment is "left primarily to the discretion of the district court", the discretion is not limitless given that cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-1181 (3d Cir. 1984). "Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n. 6 (quoting *Comdyne I, Inc. v. Corbin,* 908 F.2d 1142, 1149 (3d Cir. 1990)).

## III. BACKGROUND

The well-pleaded factual allegations of the Complaint, which the Court takes as true, see *DIRECTV*, 431 F.3d at 165 n. 6, are set forth below.

On or about February 8, 2013, the United States of America, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service, United States Department of Agriculture, loaned Defendant Darvell $110,250.00 pursuant to the provisions of Title V of the Housing Act of 1949, as amended, 42 U.S.C. § 1471, *et seq.*, and Defendant executed and delivered to the United States a Promissory Note dated February 8, 2013, in the amount of $110,250.00. (Doc. 1, at ¶¶ 3, 4; *see also*, Doc. 1- Ex. A). Darvell also executed and acknowledged to the United States, on or about that same day, a Real Estate Mortgage which granted and conveyed and mortgaged the real property described in the Mortgage, specifically 69 Pamela Dr., Drums, PA, 18222, to the United States. (*Id.* at ¶ 5; *see also*, Doc. 1, Ex. B). The Real Estate Mortgage was recorded on February 20, 2013, with the Office of the Recorder of Deeds, Luzerne County, Pennsylvania. (*Id.* at ¶ 5).

Steven Darvell is the owner and holder of the Note and Mortgage, neither of which has been assigned. (*Id.* at ¶ 6).

The United States asserts that the Note and Mortgage are in default as Darvell has "failed or refused to comply with the provisions of the Note and Mortgage, as follows: (a) failed or refused to pay the installments of principal and interest when due; (b) failed or refused to pay real estate taxes when due; and (c) failed to maintain the security of the Property." (Doc. 1, at ¶ 8). The Complaint therefore states that the United States "elects to declare the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable." (*Id.* at ¶ 9). Plaintiff has sent Darvell "Notice of Acceleration of your

Rural Housing Service Loan(s); Demand for Payment of that Dept; Notice of Right to Cure your Delinquency; Notice of Intent to Foreclose; and Notice of your Opportunity to have a Hearing Concerning this Action" and a Notice of Homeowner's Emergency Mortgage Assistance Program pursuant to Act 91 of 1983 (as amended in 2008). (Doc. 1, Ex. D; Doc. 1, at ¶ 11).

According to the United States, the amounts due and owing on the Note and Mortgage, totaling $121,473.35, are calculated as follows:

| | |
|---|---|
| PRINCIPAL BALANCE | $99,362.77 |
| Interest from 06/8/2016 to 03/20/2019 at 3.1250% | $8,634.68 |
| Interest Recapture | $2,839.20 |
| Late Charges | $125.02 |
| | **$110,961.67** |
| Escrow/Impound Required | +$2,310.06 |
| Fees Required with Payoff Funds | +$263.87 |
| Fees Currently Assessed | +$7,937.75 |
| TOTAL | **$121,473.35** |

(Doc. 1, at ¶ 10).

## IV. ANALYSIS

"In a mortgage foreclosure action, the plaintiff must show the existence of an obligation secured by a mortgage, and a default on that obligation." *United States v. Abell*, 2012 WL 37627, at *2 (M.D. Pa. 2012) (granting United States' unopposed motion for

summary judgment in mortgage foreclosure action where Defendant secured loan pursuant to Title V of the Housing Act of 1949) (collecting cases).

Here, the United States' allegations, when taken as true, state a valid cause of action for a mortgage foreclosure. The Government has adequately pleaded, and supported through exhibits and affidavits attached to the Complaint and Motion for Default Judgment, the existence of an obligation secured by a mortgage and promissory note, and a default by Defendant Darvell on that obligation through his failure to comply with the provisions of the Mortgage and Note by not paying the installments of principal and interest and the real estate taxes and by failing to maintain the security of the property.

In determining whether to grant a motion for default judgment, a Court must also consider three factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

With respect to the prejudice to the United States if default is denied, this factor weighs in favor of the United States. Absent the default judgment, the United States will be faced with an indefinite, and possibly permanent, delay in the adjudication of its claims and is left with no alternative means to vindicate its claims against the defaulting party. Furthermore, the record reflects that Defendant has not made a payment since June of

2016, and the United States has therefore not received any payment for over four years and will continue to suffer prejudice should this action not be timely resolved.

As to whether the defendant appears to have a litigable defense, this factor also weighs in favor of the plaintiff. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05 in U.S. Currency*, 728 F.2d at 195 (citing *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 244 (3d Cir. 1951); *Farnese v. Bagnasco,* 687 F.2d 761, 764 (3d Cir. 1982)). In the present action, Darvell has not filed an answer or performed any other action to defend the case or set forth any meritorious defenses and this Court is not aware of one or more possible defenses which may constitute a complete defense here.

The third factor, whether the defendant's delay is due to culpable conduct, also weighs in favor of the United States. "In this context culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-124 (3d Cir. 1983). Although the Court is reluctant to attribute bad faith to Darvell, the record reflects that Defendant has been on notice of this action since approximately November 11, 2019, when service of the Complaint was effected (*see* Doc. 5). The Government further mailed the Request for Entry of Default and the Motion for Default Judgment, Memorandum of Law, and accompanying documents, in December, 2019, to Darvell in an attempt to place him on notice of the motion for default and motion for default judgment. (Doc. 6, at 3; Doc.

7, at 4). Despite service of the Complaint almost one year ago, and service of the Request for Entry of Default and the Motion for Default Judgment and accompanying documents approximately 9 months ago, Darvell has failed to respond or take any other action to defend this lawsuit since its filing. At minimum, this lack of action amounts to deliberate and willful conduct.

Finally, although the Court does not take as true the moving party's factual allegations or legal conclusions relating to the amount of damages as set forth in the Complaint, *Comdyne I, Inc.*, 908 F.2d at 1149, the United States has offered support for its claim for a sum certain of $121,473.35 in its documents supporting the Complaint and the Motion for Default Judgment, including the signed Promissory Note and signed Mortgage for the property at issue both dated February 8, 2013, the Notice of Acceleration and Intention to Foreclose, and the Act 91 Notice (Doc. 1, Ex. A-D), and the Affidavit of Attorney Rebecca Solarz (Doc. 7, at 2-3).

Pursuant to the Federal Rules of Civil Procedure, a Court "may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 50(b)(2). However, a hearing is not necessary in this case where the United States seeks a foreclosure of the promissory note and mortgage as this amount is a sum certain that has been adequately supported by the evidence of record. *See e.g., United States v. Sourbeer*, 2016 WL

5373641, at *2 (M.D. Pa. 2016)("There are no damages, as Plaintiff seeks a foreclosure of the promissory note and mortgage, and repayment of the loan, interest, and fees, totaling $231,842.91. . . This amount is a sum certain, as 'no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default.' *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 929 (9th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005)."); *United States v. Kline*, 2019 WL 1354150, at *2 (M.D. Pa. 2019).

## V. CONCLUSION

For the foregoing reasons, the Court will grant the United States' Motion for Default Judgment (Doc. 7). A detailed Order follows.

Robert D. Mariani
United States District Judge